OPINION
Appellant Sheldon Paterson appeals the decision of the Coshocton County Court of Common Pleas that denied his motion to vacate and/or set aside or modify sentence. The following facts give rise to this appeal. On July 30, 1983, appellant and his brother Donald Patterson attacked and beat their brother Danny Patterson. As a result of the beating, Danny Patterson died on August 6, 1983. Both appellant and his brother Donald Patterson were charged with the murder of Danny Patterson. On November 10, 1983, a jury found appellant guilty of the murder of his brother. Appellant filed a direct appeal to this court on issues of weight of the evidence, prejudicial joinder, improper venue and prosecutorial misconduct. We affirmed appellant's conviction on October 11, 1984. Appellant filed a motion for new trial, in the trial court, on June 14, 1984. The trial court denied appellant's motion and we affirmed this decision on October 31, 1985. Appellant thereafter filed a petition for postconviction relief on March 12, 1985. In his petition, appellant claimed the trial court should have conducted an evidentiary hearing; defense counsel should have re-instated his motion to have the judge removed from the case; he received ineffective assistance of counsel because the co-defendant's defense counsel was threatening appellant's witnesses and his own defense counsel failed to call certain witnesses to testify on his behalf; the state committed prosecutorial misconduct; and defense counsel failed to retrieve records to establish the witnesses that testified for the state committed perjury. The trial court denied appellant's petition for postconviction relief. We affirmed the trial court's decision. Finally, appellant filed a motion for delayed appeal pursuant to State v. Murnahan (1992), 63 Ohio St.3d 60
in which he raised numerous issues including: relief from joinder, change of venue, denial of right to a speedy trial, improperly admitted statement of Tim Stowers and other acts evidence, prosecutorial misconduct and ineffective assistance of appellate counsel. We again affirmed appellant's conviction. Appellant is now before this court on an appeal of another motion for postconviction relief he filed in the trial court on September 20, 1996. The trial court denied appellant's petition on August 3, 1999. Appellant sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT DISMISSED BY PREJUDICE AND BIAS, BECAUSE THEY HAD TO BE FORCED TO RULE AFTER OVER A TWO YEAR DELAY, FORCED BY THE COURT OF APPEALS.
 II. THE COURT DISMISSED POST CONVICTION WITHOUT HEARING AFTER SEEING MEDICAL RECORDS THAT WAS (SIC) HIDDEN BY THE STATE AND COURT BEFORE AND DURING THE TRIAL, RECORDS THAT SHOWED (SIC) THAT APPELLANT WAS SUFFERING FROM BRAIN DAMAGE, BEING TREATED BY SEVERAL DOCTORS, ON MEDICATION, (SIC) AND INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 III. THE COURT ERRED WHEN IT DISMISSED WITHOUT A HEARING CONCERNING DENIAL THE RIGHT TO CALL EYEWITNESSES IN DEFENSE.
 IV. THE TRIAL COURT ERRED WHEN IT DISMISSED WITHOUT A HEARING, WHERE THE STATE DENIED APPELLANT HIS CONSTITUTIONAL RIGHT TO A PRELIMINARY HEARING BEFORE THE TRIAL.
 I, II, III, IV
We will address all four of appellant's assignments of error simultaneously. In his First Assignment of Error, appellant contends the trial court erred when it dismissed his petition for postconviction relief, without a hearing, on his claim that he received ineffective assistance of counsel. Appellant alleges, in his Second Assignment of Error, that the trial court erred in not conducting a hearing on his petition for postconviction relief because medical records were concealed by the State of Ohio and defense counsel did not know the existence of these records at the time of trial. In his Third Assignment of Error, appellant contends counsel was ineffective for failing to call Helen Thrasher, Linda Body and Sheila Kay (Bradford) Goodrich as these witnesses could have testified, at trial, that appellant received brain damage before murdering his brother. Finally, appellant contends, in his Fourth Assignment of Error, that the trial court erred in dismissing his petition for postconviction relief, without conducting a hearing, on the State of Ohio's failure to conduct a preliminary hearing. In support of all four assignments of error, appellant maintains the trial court should have conducted an evidentiary hearing prior to ruling on his petition for postconviction relief. In reviewing whether the trial court erred in denying a petition for postconviction relief, without an evidentiary hearing, we apply an abuse of discretion standard. State v. Watson (Feb. 17, 1998), Butler App. No. CA97-07-145, unreported, appeal dismissed (1998), 82 Ohio St.3d 1413, citing State v. Chafin (March 25, 1999), Franklin App. No. 98AP-865, unreported, at 2. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An evidentiary hearing is not automatically required for every petition for postconviction relief. State v. McGuire (April 20, 1998), Preble App. No. CA97-06-015, unreported, appeal dismissed (1998), 83 Ohio St.3d 1428. The Ohio Supreme Court recently stated that: Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief. State v. Calhoun (1999), 86 Ohio St.3d 279, paragraph two of the syllabus.
A petition for postconviction relief may be dismissed, without an evidentiary hearing, when the claims raised are barred by res judicata. State v. Perry (1967), 10 Ohio St.2d 175. In Perry, the Ohio Supreme Court explained: Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment. Id. at paragraph nine of the syllabus.
The reason for the application of res judicata is that "`[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.'" State v. Szefcyk (1996),77 Ohio St.3d 93, 95, quoting Federated Dept. Stores, Inc. v. Moitie (1981), 452 U.S. 394, 401. A review of appellant's petition establishes that three of the four issues appellant raises in his petition could have been addressed on direct appeal or were previously addressed in his first petition for postconviction relief and are therefore barred by res judicata. These issues include: ineffective assistance of counsel, failure to call certain witnesses at trial and failure to conduct a preliminary hearing. Appellant's Second Assignment of Error concerns medical records which he claims were concealed by the state and as a result, defense counsel did not know of their existence at trial. In support of this argument, appellant submits the following affidavits and documents: a letter from Six County, Inc. indicating appellant's medical records have been destroyed; appellant's medical records from the Coshocton County Sheriff's Department; affidavit of Donald Patterson explaining appellant's medical condition while incarcerated before and during trial; affidavit of Myrtle Marie Patterson concerning appellant's medical condition and treatment; affidavit of Helen Thrasher that Tim Stowers hit appellant in the head with a pair of hedge clippers; affidavit of Linda Body that she was prevented from testifying; and an affidavit of Sheila Kay Bradford stating that Richard Border was not present when the fight occurred. In Calhoun, the Ohio Supreme Court addressed the issue of affidavits and held: 1. In reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact. Calhoun at paragraph one of the syllabus.
We find the trial court did not abuse its discretion in determining the affidavits do not support appellant's argument, in his Second Assignment of Error, that the State of Ohio prevented him and his defense counsel from discovering various medical records. The petitioner may not simply attach as an exhibit "`evidence which is only marginally significant and does not advance the petitioner's claim beyond a mere hypothesis and a desire for further discovery.'" State v. Sopjack (Aug. 22, 1997), Geauga App. No. 96-G-2004, unreported, at 3. Accordingly, the trial court did not err when it dismissed appellant's petition for postconviction relief, without granting an evidentiary hearing, as appellant's First, Third and Fourth Assignments of Error are barred by res judicata. As to his Second Assignment of Error, appellant failed to demonstrate substantive grounds for relief as required by R.C. 2953.21. Appellant's First, Second, Third and Fourth Assignments of Error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Hoffman, J., concur.